IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  15-cr-466-RM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

KIMBERLY S. CILENO,

       Defendant.

---

**INDICTMENT**
**Counts 1-4: 18 U.S.C. § 1347**
**Counts 5-30: 18 U.S.C. § 669**
**Forfeiture Allegation: 18 U.S.C. § 982(a)(7)**

---

The Grand Jury charges that:

### Count 1

1. At all times material to this Indictment:

    a. Defendant KIMBERLY S. CILENO (defendant) resided in Thornton, Colorado, and owned and operated a Colorado company known as EZ Flex, Inc. (EZ Flex).

    b. EZ Flex's primary purpose, as listed on its website, was administration of cafeteria plans, also referred to as flexible spending plans.

    c. The cafeteria plans operated in the following manner: at the start of each year, participants committed to fund their plans in amounts they chose by way of pre-tax payroll deductions up to a maximum amount established by the Internal Revenue Service (IRS). Deductions were generally made on a per-pay-period basis

1

and forwarded by participants' employers either monthly or by pay period to a third-party administrator such as EZ Flex.  Throughout the year, participants accrued reimbursable claims for which they submitted documentary proof in order to be reimbursed by the third-party administrator.  Eligible expenses, referred to as "qualified benefits" by the IRS, typically include health, dental, and dependent care costs, among others.

    d.  The IRS required that third-party administrators of cafeteria plans return to employers any unused funds at the end of the designated time period.

    e.  Approximately 36 employers hired the defendant to administer the cafeteria plans they offered to a total of over 500 employees (hereinafter participants). The employers forwarded the designated deductions to the defendant, and the participants submitted claims for reimbursement of eligible expenses directly to the defendant.  The defendant paid these claims by check or made direct deposits into the respective participant's bank account.   The defendant also offered debit cards to participants for reimbursement of claims for an additional fee.

    f.  The cafeteria plans administered by the defendant are health care benefit programs as defined in Title 18, United States Code, Section 24(b).

    g.  Certain employers established trust accounts, and their employees' cafeteria plan deductions were deposited into those trust accounts.  The defendant opened Wells Fargo Bank account number XXXXXX-8811, referred to as the "flex clearing account" or the "flex fund" (hereinafter flex account).  The majority of cafeteria plan deductions were deposited into the flex account.  Eligible cafeteria plan claims were to be paid from either the trust accounts or the flex account.

  h.  The defendant also opened Wells Fargo Bank account number XXXXXX-8803, referred to as the EZ Flex "operating account" (hereinafter operating account).  This account essentially functioned as the defendant's personal checking account and was used for personal expenses.

2.  Between on or about January 12, 2011, and on or about December 10, 2012, in the State and District of Colorado, the defendant, KIMBERLY S. CILENO, did engage in a scheme to defraud health care benefit programs, and to obtain money owned by, and under the custody and control of, such programs, by means of materially false and fraudulent pretenses, representations, and promises (hereinafter referred to as "the scheme").

3.  It was part of the scheme that:

  a.  The defendant made online transfers from the flex and trust accounts into the operating account and spent that money on personal purchases, such as home renovations, a vacation, payments to Nutrisystem, and to a knife manufacturer.  The defendant also withdrew cash from the flex account, wrote checks from the flex account for home improvements, and transferred money from the flex account to a relative's bank account (Commercial Federal Bank account number XXXX-6619).

  b.  The defendant converted over $250,000 of participants' cafeteria plan deductions for her own use, including amounts she was required to return to the employers.

  c.  When participants demanded explanations for erratic administration and unpaid claims, many received email responses from defendant's alleged coworker "Stacy," who was purportedly helping the defendant run EZ Flex.  The defendant

created the persona of "Stacy" and email accounts in this name to insulate herself from participants' distress over unpaid claims and to conceal, or at least delay discovery of, her intentional misappropriation of their money.

4. On or about December 30, 2011, in the State and District of Colorado, the defendant, KIMBERLY S. CILENO, did knowingly and willfully execute and attempt to execute the above-described scheme by transferring $4,000 from the EZ Flex flex account to the EZ Flex operating account, all in violation of Title 18, United States Code, Section 1347.

## Count 2

5. The allegations set forth in Paragraphs 1 through 3 of this Indictment are re-alleged and incorporated by reference here, as though set forth in their entirety.

6. On or about May 11, 2011, in the State and District of Colorado, the defendant, KIMBERLY S. CILENO, did knowingly and willfully execute and attempt to execute the above-described scheme by transferring $3,000 from the EZ Flex flex account to a relative's personal checking account, number XXXX-1674, all in violation of Title 18, United States Code, Section 1347.

## Count 3

7. The allegations set forth in Paragraphs 1 through 3 of this Indictment are re-alleged and incorporated by reference here, as though set forth in their entirety.

8. On or about June 3, 2011, in the State and District of Colorado, the defendant, KIMBERLY S. CILENO, did knowingly and willfully execute and attempt to execute the above-described scheme by withdrawing $4,500 in cash from the EZ Flex flex account, all in violation of Title 18, United States Code, Section 1347.

## Count 4

9. The allegations set forth in Paragraphs 1 through 3 of this Indictment are re-alleged and incorporated by reference here, as though set forth in their entirety.

10. On or about July 18, 2012, in the State and District of Colorado, the defendant, KIMBERLY S. CILENO, did knowingly and willfully execute and attempt to execute the above-described scheme by withdrawing $3,016 by check from the EZ Flex flex account, all in violation of Title 18, United States Code, Section 1347.

## Counts 5-30
## 18 U.S.C. § 669

11. On or about the dates and in the amounts listed below, in the State and District of Colorado, the defendant, KIMBERLY S. CILENO, did knowingly and willfully embezzle, steal, and otherwise without authority convert to her own use, and the use of any person other than the rightful owner, and intentionally misapplied any of the moneys, funds, securities, premiums, credits, property, and other assets of health care benefit programs, to wit, cafeteria plan deductions that were deposited into the EZ Flex flex account.

| Count | Date of Offense | Amount of Money Taken |
|-------|-----------------|----------------------|
| 5     | 1/12/11         | $1,000               |
| 6     | 2/17/11         | $1,200               |
| 7     | 2/23/11         | $1,800               |
| 8     | 4/5/11          | $1,349.50            |
| 9     | 5/11/11         | $3,000               |
| 10    | 6/3/11          | $4,500               |
| 11    | 6/27/11         | $3,500               |

5

| Count | Date of Offense | Amount of Money Taken |
|---|---|---|
| 12 | 9/9/11 | $3,000 |
| 13 | 9/26/11 | $2,000 |
| 14 | 10/11/11 | $3,000 |
| 15 | 10/12/11 | $3,000 |
| 16 | 10/18/11 | $2,000 |
| 17 | 11/9/11 | $3,200 |
| 18 | 11/22/11 | $3,000 |
| 19 | 12/7/11 | $800 |
| 20 | 12/30/11 | $4,000 |
| 21 | 3/7/12 | $3,000 |
| 22 | 7/18/12 | $3,016 |
| 23 | 8/13/12 | $4,000 |
| 24 | 8/16/12 | $4,270 |
| 25 | 9/18/12 | $3,500 |
| 26 | 10/1/12 | $4,000 |
| 27 | 10/24/12 | $1,300 |
| 28 | 11/5/12 | $4,000 |
| 29 | 11/21/12 | $2,400 |
| 30 | 12/10/12 | $1,800 |

All in violation of Title 18, United States Code, Section 669.

**FORFEITURE ALLEGATION**

12. The allegations contained in Counts 1 through 30 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 982(a)(7).

13. Upon conviction of the violations alleged in Counts 1 through 30 of this Indictment involving health care fraud and theft and embezzlement from health care benefit programs in violation of 18 U.S.C. §§ 1347 and 669 respectively, defendant KIMBERLY S. CILENO shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), any and all of the defendant's right, title and interest in all property constituting and derived from any proceeds the defendant obtained directly and indirectly as a result of such offense, including, but not limited to:

A money judgment in the amount of proceeds obtained by the defendant through the above-described scheme.

14. If any of the property described in paragraph 13 above, as a result of any act or omission of the defendant:

    a)    cannot be located upon the exercise of due diligence;

    b)    has been transferred or sold to, or deposited with, a third party;

    c)    has been placed beyond the jurisdiction of the Court;

    d)    has been substantially diminished in value; or

    e)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

                A TRUE BILL

                <u>Ink signature on file in Clerk's Office</u>
                FOREPERSON

JOHN F. WALSH
United States Attorney

<u>s/Martha A. Paluch</u>
By: s/ Martha A. Paluch
MARTHA A. PALUCH
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 454-0100
Facsimile: (303) 454-0404
E-mail: martha.paluch@usdoj.gov
Attorney for the United States