IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 15-CR-00466-RM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

KIMBERLY CILENO,

        Defendant.

---

**DEFENDANT'S UNOPPOSED MOTION TO VACATE ALL CURRENT DEADLINES AND DATES AND TO EXCLUDE 90 DAYS FROM THE SPEEDY TRIAL ACT**

---

Defendant Kimberly Cileno, by and through undersigned counsel, hereby moves this Court for an Order vacating all current deadlines and trial date and excluding 90 days from the Speedy Trial Act computations, and in support thereof, states as follows:

### PROCEDURAL HISTORY

On December 1, 2015, a thirty count indictment was filed against Ms. Cileno, charging her with executing a scheme to defraud a health care benefit program in violation of 18 U.S.C. § 1347 (Counts 1-4) and embezzlement in connection with a health care benefit program in violation of 18 U.S.C. § 669 (Counts 5-30).

On December 29, 2015, Ms. Cileno was arraigned on the indictment and entered pleas of not guilty. A deadline for the filing of pretrial motions was set for January 26, 2016. The Court also set a trial preparation conference for February 18, 2016, and jury trial to commence on March 7, 2016.

## LAW REGARDING REQUESTS FOR CONTINUANCES

This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(I). An additional factor, set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time. *See id.* at 1271. Simply stating the event followed by a conclusory statement that the event necessitates further time does not satisfy the requirements of the Speedy Trial Act. *See id.* at 1271-72.

In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance,

and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

## ARGUMENT

Defense counsel's request for a continuance in this case satisfies the criteria set forth in 18 U.S.C. § 3161(h)(7) and factors set forth in *United States v. West*.

The indictment sets forth a complicated scheme to defraud and embezzle contributions from a health care benefit program, specifically flexible spending accounts. The allegations include the potential for over 580 individuals impacted by the scheme and related theft. The discovery includes thousands of documents, including reimbursement request forms, copies of checks, and multiple bank account records. Additionally, the discovery includes grand jury exhibits and testimony. Defense counsel estimates that the government has disclosed approximately 10,000 pages worth witness statements and documents that cover an alleged date of offense from January 2011 to December 2012.

Defense counsel has discussed the case with Ms. Cileno and begun reviewing discovery. Defense counsel has determined the need to interview many potential witnesses, including the employers whose employees participated in the flexible spending account plans. These witnesses will need to be located and interviewed, potentially with their own counsel present. This process is potentially complicated as the date of offense is at least four years ago. Additionally, defense counsel must review and compare numerous charts regarding loss calculation created by multiple different agencies.

Given the volume of discovery, the defense cannot reasonably review all of the discovery, analyze potential defenses, assess the need for expert witnesses, and interview

3

potential witnesses by the current trial date.  Additionally, defense counsel cannot reasonably evaluate, research, and file pretrial motions by the current deadline.

Defense counsel has conferred with Assistant United States Attorney Martha Paluch who does not oppose this motion.

If a continuance is not granted, a miscarriage of justice would result and defense counsel will be denied the reasonable time necessary for effective preparation.  In contrast, granting the continuance will enable counsel sufficient time to review discovery, research motions, and investigate potential witnesses.  At this time, the defense believes that 90 days will be sufficient time to complete these tasks; however, the defense reserves the right to request an additional continuance if 90 days proves insufficient even with diligent preparation.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/Natalie Stricklin
NATALIE STRICKLIN
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
natalie.stricklin@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2016, I electronically filed the foregoing

**DEFENDANT'S UNOPPOSED MOTION TO VACATE ALL CURRENT DEADLINES AND DATES AND TO EXCLUDE 90 DAYS FROM THE SPEEDY TRIAL ACT**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Marty Paluch
    Assistant United States Attorney
    Email: martha.paluch@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Kimberly Cileno    (via Mail)
    2030 Sheepsbank Dr.
    Belgrade, MT 59714

    s/Natalie Stricklin
    NATALIE STRICKLIN
    Assistant Federal Public Defender
    633 17th Street, Suite 1000
    Denver, CO  80202
    Telephone:  (303) 294-7002
    FAX:  (303) 294-1192
    natalie.stricklin@fd.org
    Attorney for Defendant