IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 15-CR-00466-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KIMBERLY SUE CILENO,

    Defendant.

---

### OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT
_____

The defendant, Ms. Kimberly Cileno, by and through undersigned counsel, Natalie Stricklin, hereby responds to the Presentence Investigation Report (PSIR) (Doc. No. 27) as follows:

### OBJECTIONS AFFECTING THE GUIDELINE CALCULATION

Paragraphs 26, 32, 36, 85: The PSIR calculates Ms. Cileno's adjusted offense level as 20 and total offense level as 17. These totals reflect the addition of ten offense levels because the amount of loss is more than $150,000 but less than $250,000 pursuant to U.S.S.G. § 2B1.1(b)(1)(F). Ms. Cileno objects to the addition of ten offense levels under application note 3(E). It is Ms. Cileno's position that $54,932.40 should be credited against the total loss figure. Additionally, Ms. Cileno objects to the loss calculation provided in the PSIR at paragraph 86. As noted during her change of plea hearing, the amount of loss and restitution is to be determined at sentencing. Ms. Cileno's position regarding loss and restitution is documented in a separate filing entitled Defendant's Statement Regarding Loss.

Paragraphs 29, 30, 32, 36: The PSIR calculates Ms. Cileno's adjusted offense level as 20 and total offense level as 17.  These totals reflect the addition of two offense levels because Ms. Cileno abused a position of public or private trust as defined in U.S.S.G. §3B1.3.  Ms. Cileno objects to the §3B1.3 enhancement and, therefore, objects to the offense level calculation.

I. Introduction

United States Sentencing Guideline §3B1.3 imposes a two offense level enhancement "[i]f the defendant abused a position of public or private trust."  To impose this enhancement the government must prove: (1) the person occupied a position of trust, and (2) that position was used to facilitate the offense.  *United States v. Spear*, 491 F.3d 1150, 1153 (10th Cir. 2007).   Ms. Cileno contests that the scope of her employment qualifies as a "position of trust" as defined in U.S.S.G. §3B1.3.

II. Person in a Position of Trust

Two Tenth Circuit cases have examined the abuse of a position of trust enhancement: *United States v. Edwards*, 325 F.3d 1184 (10th Cir. 2003) and *United States v. Spear*, 491 F.3d 1150 (10th Cir. 2007).   In *Edwards*, the defendant worked as an hourly wage employee handling accounts receivable which involved her processing and posting payment credits to customer accounts.  325 F.3d at 1185.  While in this position, Ms. Edwards failed to post certain customer payments and re-routed numerous checks to her boyfriend's bank account.  The 10th Circuit found that despite that facts that Ms. Edwards worked with little to no oversight, had exclusive control over the accounts receivable, the company trusted Ms. Edwards, and she had access to customer's checks and other important records the position of trust

2

enhancement did not apply. The Tenth Circuit concluded that the enhancement is applicable only when the person has "the discretionary authority to grant credits to customers" or "authority to make substantial discretionary judgments regarding company revenues or expenses." *Edwards*, 325 F.3d at 1187.

According to the *Spear* Court, when deciding whether to apply Section 3B1.3, district courts should ask "whether [an employee's] duties gave [the defendant] functional managerial or professional discretion – such as the responsibility to (1) differentiate case-by-case situations, (2) set policies and protocols, (3) diverge from policies and protocols (thereby indicating managerial or professional discretion) – or whether her duties were primarily subject to non-discretionary rules (thereby indicating the ministerial or clerical nature of her work)." *Spear*, 491 F.3d at 1157. "The proper standard asks whether [the defendant]'s duties were bounded by predetermined rules and protocols so as to be ministerial or whether she had the substantial freedom in her duties that arises from discretionary authority signifying a position of trust." *Id.* at 1158

III.   Ms. Cileno is not a person in a position of trust

Applying these principles to Ms. Cileno leads to the conclusion that Ms. Cileno did not occupy a position of trust. Although, Ms. Cileno did own and operate EZ Flex, her position was merely to process and pay claims/requests for reimbursement. Ms. Cileno's company was a third party administrator of flexible spending plans. The participants funded their plans via payroll deductions. Ms. Cileno received these contributions directly from the employer. As the participants accrued reimbursable services, they would submit documentary proof of those services to Ms. Cileno. Ms. Cileno would pay out the claim (reimbursement) to the participant.

Ms. Cileno had no discretionary authority as a third party administrator. The IRS determined what services were eligible for reimbursement.  As long as the service was an IRS determined qualified benefit and the employer had provided the contributions, Ms. Cileno was responsible for paying out the reimbursement.  Ms. Cileno had no authority to deny a participant's claim for a qualified benefit.  Ms. Cileno had no ability to set policies or protocols; those were set by the IRS.  Ms. Cileno had no authority to diverge from the IRS policies or protocols.  Unlike a fiduciary of a benefit plan, Ms. Cileno offered no advice to participants regarding whether to participate or how much to contribute.  Additionally, the benefit to participants is a pre-tax payroll deduction to be used for certain services.  Ms. Cileno had no control over whether participants received this benefit.  That control is also had by the IRS.   Similar to Ms. Spear who kept fees associated from applications she was required to process, Ms. Cileno took contributions from employers and then did not pay out the corresponding participant's claim/request for reimbursement.  Or like Ms. Edwards who was responsible for processing and posting payment credits, Ms. Cileno was responsible for processing and paying out participants' claims.

Like Ms. Edwards and Ms. Spear, Ms. Cileno did not have the "substantial freedom in her duties that arises from discretionary authority signifying a position of trust." *Spear*, 491 F.3d at 1158.  As a result, Ms. Cileno did not occupy a position of trust, and Section 3B1.3's enhancement does not apply.

IV.     Impact on the Guideline Calculation

If the Court determines Ms. Cileno did not abuse a position of trust then the adjusted offense level would be 18 and total offense level would be 15.  The applicable advisory guideline range would then be 18-24 months.

                Respectfully submitted,

                VIRGINIA L. GRADY
                Federal Public Defender


                s/Natalie Stricklin
                NATALIE STRICKLIN
                Assistant Federal Public Defender
                633 17th Street, Suite 1000
                Denver, CO  80202
                Telephone:  (303) 294-7002
                FAX:  (303) 294-1192
                natalie.stricklin@fd.org
                Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2016, I electronically filed the foregoing

**OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Marty Paluch, AUSA
    Email: Marty.Paluch@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Melissa Roberts              (via Email)
    U.S. Probation Officer

    Kimberly Cileno              (via Mail)
    Belgrade, MT 59714

                                        s/Natalie Stricklin
                                        NATALIE STRICKLIN
                                        Assistant Federal Public Defender
                                        633 17th Street, Suite 1000
                                        Denver, CO  80202
                                        Telephone:  (303) 294-7002
                                        FAX:  (303) 294-1192
                                        natalie.stricklin@fd.org
                                        Attorney for Defendant