IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 15-CR-00466-RM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

KIMBERLY SUE CILENO,

        Defendant.

## DEFENDANT'S STATEMENT REGARDING LOSS
___

The defendant, Ms. Kimberly Cileno, by and through undersigned counsel, Natalie Stricklin, files this statement regarding her loss and restitution calculation. Ms. Cileno requests this Court calculate loss as $140,443.51 and order restitution in the amount of $195,375.91. In support of her request, Ms. Cileno states as follows:

### FACTUAL BACKGROUND

In March of 2007, Ms. Cileno incorporated EZ Flex as a third party administrator of IRS cafeteria (flexible spending account) plans. The purpose of Ms. Cileno's business was to operate as a service provider for employers. Ms. Cileno received employee contributions from the employer. Ms. Cileno then processed claims from employees by sending out reimbursements. By the year 2012, EZ Flex serviced 36 different employers.

In late October of 2012, AmCheck, a company which provides payroll services to employers, contacted the Department of Labor regarding concerns over EZ Flex's handling of claims. AmCheck complained that claims were not being paid on time and

Ms. Cileno was unresponsive.  At this time that there was not an accusation of fraud or theft.

An investigation by the Department of Labor was initiated. At the conclusion of the Department's investigation approximately 27 of 36 companies claimed a loss.  The government calculated loss by determining which employees submitted claims to EZ Flex which went unpaid or were eventually paid by the employer.  The period of time which the Department of Labor investigated was from January 2011 to December 2012.  Ms. Cileno agrees with the government's loss calculation for 25 of those 27 companies.  There are 2 companies in which loss remains in dispute.  Ms. Cileno's position regarding the loss resulting to those 2 companies is detailed below.

On October 9, 2012, Ms. Cileno deposited $32,432.40 of her own money (the earnings from a pension plan) into her business account.  On November 5, 2012, Ms. Cileno made a second deposit of $22,500.00.  The purpose of these deposits was to keep EZ Flex operational until January of 2013 when Ms. Cileno intended to close the business.

The total loss is $140,443.51.  This loss calculation includes the loss/restitution amount calculated by the defense for the 2 companies which remain in dispute and credits $54,932.40, the two deposits described above, against that calculation pursuant to application note 3(E) to U.S.S.G. §2B1.1.  The amount of restitution to be paid is $195,375.91.

**LOSS/RESTITUTION CALCULATION FOR COMPANIES IN DISPUTE**

### 1. ROCKY VISTA UNIVERSITY

On behalf of Rocky Vista University (RVU) the government is requesting $70,000 in loss/restitution.  During the 2011-2012 plan year, the University relied on AmCheck to provide payroll services.  AmCheck calculated the loss to RVU as $44,709.69 of unpaid claims.  Amount of unpaid claims has been the consistent formula used by the government in calculating loss/restitution.  RVU, however, is requesting an additional $25,290.31 in restitution to account for (1) loss of forfeiture money (totaling $18,386.00) and (2) 2012 "run out" money.

RVU cannot establish with reliability the amount of forfeiture money the company is owed from the 2011-2012 plan year.  In order to justify this request, RVU is asking that the Court order restitution by averaging the amount of forfeiture money returned to the company during the past 3 prior plan years.  *See* Attachment A – Email dated March 18, 2016.  Notably, during the prior 3 plan years used to calculate the average RVU only used EZ Flex as its third party administer for 2010-2011 plan year.  Using an average does not provide certainty to the Court regarding how much, if any, forfeiture money was due back to the company at the conclusion of the 2011-2012 plan year.  Additionally, requesting forfeiture money deviates from the consistent formula in which loss/restitution has been calculated for 26 other companies.  Therefore, there is insufficient proof to include the $18,386.00 of forfeiture money as loss or restitution.

Additionally, RVU is requesting restitution for 2012 "run out" money.  This request was made to AmCheck via  Manual ACH Transaction Requests submitted on February 8, 2013, and April 17, 2013.  *See* Attachment B – Transaction Requests.   AmCheck

ceased sending employee contribution money to EZ Flex in September of 2012.  As of September 28, 2012, RVU was using APS as its third party administer.  Therefore, any "run out" money from the 2011-2012 plan year accruing between January 2011 and September 2012 is accounted for in AmCheck's loss calculation of $44,709.69.

### 2. STANDARD INTERIORS

On behalf of Standard Interiors the government is requesting $3,109.60 in loss/restitution. During the 2011-2012 plan year, 4 employees contributed $2,654.37.  If the formula for calculating loss/restitution is based upon unpaid claims, then it is not possible for the restitution amount to exceed the amount contributed by the employees. Assuming that EZ Flex did not reimburse any claims for Standard Interiors employees during the entirety of the 2011-2012 plan year, the most the company can claim in restitution is the amount contributed by its employees: $2,654.37.  This is the only instance in which a company is requesting more money in restitution than the contribution amount.

### MS. CILENO'S TWO DEPOSITS

### 1. U.S.S.G. §2B1.1 Application Note 3(E)

As state above, Ms. Cileno made two deposits into her business account prior to being accused of any criminal wrongdoing.  On October 9, 2012, Ms. Cileno deposited $32,432.40 and on November 5, 2012, Ms. Cileno made a second deposit of $22,500.00.  Pursuant to application note 3(E) to U.S.S.G. §2B1.1, those deposits should be credited against the loss calculation.

Application note 3(E) to U.S.S.G. §2B1.1 provides that loss shall be reduced by any money returned by the defendant prior to the detection of the offense.  Ms. Cileno

4

made the first deposit on October 9, 2012, which is prior to AmCheck contacting the Department of Labor.  She made the second deposit very close in time to when AmCheck contacted the Department of Labor to complain.  Although, Ms. Cileno was aware that several of her clients were complaining that claims had not been reimbursed timely, at the time she deposited over $54,000 into her business account, there had not been any accusations of theft, embezzlement, or other criminal wrongdoing.   Ms. Cileno deposited the funds into her business account so that EZ Flex would remain operational until January 2013 when she intended to close the business.

### 2.  Impact on the Advisory Guideline Range

After reducing loss by $54,932.40, the total loss is $140,443.51.  This amount increases the base offense level of 6 by an additional 8 levels.  Including a two level increase for number of victims, the adjusted offense level would be 16.  The total offense level, after acceptance of responsibility would be 13.   Accordingly, the advisory guideline range would be 12 to 18 months.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/Natalie Stricklin
NATALIE STRICKLIN
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
natalie.stricklin@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2016, I electronically filed the foregoing

**STATEMENT REGARDING LOSS**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Marty Paluch, AUSA
    Email: Marty.Paluch@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Kim Cileno

    s/Natalie Stricklin
    NATALIE STRICKLIN
    Assistant Federal Public Defender
    633 17th Street, Suite 1000
    Denver, CO  80202
    Telephone:  (303) 294-7002
    FAX:  (303) 294-1192
    natalie.stricklin@fd.org
    Attorney for Defendant