IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  15-cr-00466-RM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

KIMBERLY S. CILENO,

        Defendant.

_____

**GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING STATEMENT IN SUPPORT OF A NON-GUIDELINE SENTENCE OF PROBATION (ECF 31)**
_____

The United States of America, by and through Robert C. Troyer, Acting United States Attorney, and Assistant United States Attorney Martha A. Paluch, hereby opposes defendant's motion requesting a sentence of probation for her theft of over $200,000 from health care plan participants and their employers.  ECF 31.

Defendant provides the following bases for her request:  1) her desire to care for her son; 2) an abusive family history; 3) lack of criminal history; and 4) need to pay restitution.  ECF 31 at 3-4.  None of these issues, either individually or collectively, warrant a variant sentence.

    **I.**    **Family Responsibilities**

The defendant's desire to remain with her 12-year old son is understandable, but does not justify the variance sought here.  The "families of incarcerated defendants are commonly the ones who suffer most."  *United States v. Sherrills,* 432 Fed. App'x 476,

1

488-89 (6th Cir. 2011); *United States v. Baylor,* No. 06-40090-01-RDR, 2007 WL 2407280, at *1 (D. Kan. Aug. 21, 2007) ("[t]here is little question that every family suffers when a member is incarcerated"); *United States v. McClatchey,* 316 F.3d 1122, 1131 (10th Cir. 2003) ("[d]isruptions of the defendant's life, and the concomitant difficulties for those who depend on the defendant, are inherent in the punishment of incarceration").  The defendant had to know that when her criminal conduct caught up to her, it most likely meant she would be imprisoned, and therefore, separated from her son.  This fact, however, did not deter her criminal conduct, which continued for a year.

     The defendant is married, and her husband will undoubtedly care for their son while the defendant is incarcerated.  Courts have denied variances on this ground, even in situations where a single parent's incarceration will leave that parent's child or children in foster care.  "A sole, custodial parent is not a rarity in today's society, and imprisoning such a parent will by definition separate the parent from the children.  It is apparent that in many cases the other parent may be unable or unwilling to care for the children, and that the children will have to live with relatives, friends, or even in foster homes."  *McClatchey,* 316 F.3d at 1131 (citing *United States v. Archuleta,* 128 F.3d 1446, 1451 (10th Cir. 1997)); *see Baylor,* 2007 WL 2407280, at *1 (denying departure or variance for defendant who indicated he was "responsible for taking care of several children and several other family members"); *Sherrills,* 432 Fed. App'x at 488-89 (the court's decision to not afford greater weight to the defendant's "children's possible placement in foster care" in determining appropriate variance "was entirely within the court's discretion").

2

Finally, to grant the level of variance requested based in large part upon the defendant's understandable desire to stay with her son would create an unwarranted disparity between this defendant and those without children.  *See United States v. Reyes,* 9 F. Supp.3d 1196, 1210 (D. N.M. 2014) ("the Court must recognize that it sentences many people with families for many different crimes, and that if the Court weighs too heavily the impact on the family in individual cases, it will create sentencing disparities").

**II.     Abusive Family History**

The defendant asserts that her emotionally abusive husband led to her commission of the instant offense.  ECF 31 at 2.  But by her own admission, the defendant herself made the decision to "flaunt" her alleged business "profits" by using that "money from her business to pay for a trip to NASCAR, for new windows and landscaping for their home, and for direct contributions to her husband's bank account." *Id.* at 2-3.  In addition to these personal purchases, the defendant admitted to using participants' funds to pay for Nutrisystem and knife manufacturer.  ECF 25 at 7. These admissions conflict with the defendant's attempt to blame her husband for her choices, and her claim that her husband "manages all of the family's finances."  ECF 31 at 4. The defendant certainly contributed to those family finances by stealing money from plan participants and their employers and continued to do so for a year.  Her attempts to blame her husband for her choices should be rejected.  *See United States v. Thompson,* 424 Fed. App'x 741, 744-45 (10th Cir. 2011) (denying defendant's request for a variant sentence based in part upon her claim that her offense were "a result of the

3

influence and compulsion of her abusive ex-husband' where her scheme "involved a pattern of conduct continuing over a number of years, as opposed to a single choice or incident that took place while she was emotionally overwhelmed").

The defendant makes reference to the fact she was abused at age 11, but does not link this event from years ago to her conduct in this case. ECF 31 at 3. Courts have routinely rejected requests for variances on this ground. *See United States v. Galloway,* 505 Fed. App'x 894, 896-99 (11th Cir. 2013) (finding no abuse of discretion where court held that defendant was not entitled to downward variance based upon defendant's "quite awful" life history, which included "parental abuse and neglect with exposure to marijuana at age four and alcohol at age 13," where defendant had "many years and opportunities to reform his behavior"); *cf. United States v. Patterson,* 615 Fed. App'x 594, 597 (11th Cir. 2015) ("Defendant has certainly had a troubled childhood that included being abandoned, being subjected to violence and neglect, and being exposed to drug abuse and drug dealing by his mother and step-father. But we discern no abuse of discretion in the district court's determination that these considerations did not warrant a greater downward variance, when balanced against the seriousness of Defendant's offense and his criminal history").

### III.    Lack of Criminal History

The defendant asks that the Court consider her lack of criminal history in granting her request for a variant sentence. The defendant's lack of criminal history is adequately taken into account by her placement in Criminal History Category I, and therefore, a variance to probation on this basis is not warranted.

### IV.     Need to Pay Restitution

Defendant argues that her need to work in order to pay her restitution obligation supports her request for a sentence of probation.  ECF 31 at 4.  However, every criminal defendant in a criminal case who has caused economic harm to others or to the United States is required to pay restitution.  The probation department works with these defendants to set up a payment plan after they are released from prison to ensure that they are complying with their restitution obligations.  It does not follow that the more money a defendant owes in restitution the less time they should spend in prison so that they can pay that restitution.  In addition to considering the amount of restitution a defendant owes, the Court must also weigh the need for just punishment for an offense and deterrence to others.  18 U.S.C. § 3553(a).  Accordingly, the fact this defendant owes over $200,000 in restitution does not mean she is entitled to less time in prison for her conduct, and her request for a variance on this basis should be rejected.

### Conclusion

None of the defendant's arguments, taken individually or collectively, support her request for a variant sentence.  Accordingly, the government agrees with the probation department that a sentence of 24 months in prison, the bottom of the applicable guideline range,  is sufficient but "not greater than necessary to achieve the sentencing goals outlined in 18 U.S.C. § 3553(a)."  ECF 35 at R-5 to R-6.

DATED this 22nd day of August, 2016.

                        ROBERT C. TROYER
                        Acting United States Attorney

                        *s/ Martha A. Paluch*
                        MARTHA A. PALUCH
                        Assistant U.S. Attorney
                        1225 17th Street Suite 700
                        Denver, CO  80202
                        Telephone 303-454-0100
                        Facsimile:  303-454-0402
                        Email:  Martha.paluch@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of August, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

Ms. Natalie Stricklin
Assistant Federal Public Defender
Counsel for Kimberly S. Cileno
Natalie_Stricklin@fd.org


Ms. Melissa Roberts
United States Probation Officer
Melissa_Roberts@cod.uscourts.gov


                        *s/ Mariah Tracy*
                        MARIAH TRACY
                        Legal Assistant
                        U.S. Attorney's Office
                        1225 17th St., Suite 700
                        Denver, CO  80202
                        Telephone:  (303) 454-0100
                        Fax:  (303) 454-0401
                        e-mail: Mariah.Tracy@usdoj.gov