**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE RAYMOND P. MOORE**

| | |
|---|---|
| Courtroom Deputy:  Cathy Pearson | Date:  August 29, 2016 |
| Court Reporter:  Tammy Hoffschildt | Interpreter:  n/a |
| Probation Officer:  Melissa Roberts | |

**CASE NO.   15-cr-00466-RM**

| Parties | Counsel |
|---|---|
| UNITED STATES OF AMERICA, | Martha Paluch |
| Plaintiff, | |
| v. | |
| 1.  KIMBERLY CILENO, | Natalie Stricklin |
| Defendant. | |

**COURTROOM MINUTES**

**SENTENCING HEARING**
**COURT IN SESSION:       1:03 p.m.**
Appearances of counsel.   Defendant is present and on bond.   Present at Government's table is Paula Musil.   Present at Defendant's table is Jessica Leto.

Defendant entered her plea on June 7, 2016, to Count 3 of the Indictment and admitted the forfeiture allegation.   The Court formally accepts the Plea Agreement at this hearing.

Discussion held regarding pending motions, objections, restitution, and loss amount.

**ORDERED:**   Government's Motion to Grant the Defendant an Additional One-Level Decrease Pursuant to U.S.S.G. § 3E1.1(b) [Doc. 37] is GRANTED as stated on the record.

The Court will hear testimony regarding loss amount, forfeiture, and credit at this time.

1:23 p.m.      Government's witness, Paula Musil, is sworn and examined by Ms. Paluch.

1:42 p.m.        Paula Musil is questioned by the Court.

1:48 p.m.        Cross-examination of Paula Musil by Ms. Strickland.

2:08 p.m.        Redirect examination of Paula Musil by Ms. Paluch.

2:12 p.m.        Witness is excused.

Counsel present argument regarding loss amount, forfeiture, and credit.

Peter Freytag from Rocky Vista University addresses the Court.

Court states its findings regarding loss amount.

**Court in recess:    2:43 p.m.**
**Court in session:   2:55 p.m.**

The Court will hear testimony regarding abuse of trust at this time.

2:56 p.m.        Government's witness, Paula Musil, previously sworn, resumes the stand and is examined by Ms. Paluch.

2:59 p.m.        Paula Musil is questioned by the Court.

                 Cross-examination of Paula Musil by Ms. Stricklin.

3:02 p.m.        Witness is excused.

Counsel present argument regarding abuse of trust.

Court states its findings regarding abuse of trust.

Jim Gosselin from AmCheck addresses the Court.

Counsel for the Government addresses the Court regarding sentencing.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, and comments on matters relating to the appropriate sentence.

Defendant addresses the Court regarding sentencing.

Statement by the Court regarding defendant's offense level, criminal history level, and sentencing guidelines range.

Court states its findings and conclusions.

**ORDERED:** Defendant's Sentencing Statement in Support of a Non-Guideline Sentence of Probation (Doc. 31) is DENIED for reasons stated on the record.

**ORDERED:** Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, KIMBERLY CILENO, is hereby committed to the custody of the Bureau of Prisons to be **imprisoned** for a term of **24 months.**

**ORDERED:** Upon release from imprisonment, defendant shall be placed on **supervised release** for a period of **three (3) years.**

**ORDERED:** **Mandatory Conditions** of Supervised Release that:
- (**X**) Within 72 hours of release from the custody of the Bureau of Prisons, defendant shall report in person to the probation office in the district to which she is released.
- (**X**) Defendant shall not commit another federal, state or local crime.
- (**X**) Defendant shall not illegally possess controlled substances.
- (**X**) Defendant shall not possess a firearm or destructive device.
- (**X**) Defendant shall comply with standard conditions recommended by U.S. Sentencing Commission.
- (**X**) Defendant shall refrain from the unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance.
- (**X**) Defendant shall cooperate in the collection of a DNA sample from the defendant as directed by the probation officer.
- (**X**) Mandatory drug testing provisions of 18 U.S.C. § 3583(d) are WAIVED because the presentence investigation report indicates a low risk of future substance abuse by the defendant.

**ORDERED:** **Special Conditions** of Supervised Release that:
- (**X**) Defendant shall comply with the terms and conditions for payment of the special assessment, restitution, or fine imposed by this judgment.
- (**X**) Defendant shall pay any **special assessment, restitution, fine** that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.
- (**X**) Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the periodic payment obligations imposed pursuant to the Court's judgment and sentence.
- (**X**) As directed by the probation officer, Defendant shall apply any monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation in this case.
- (**X**) Defendant shall document all income and compensation generated or received from any source and shall provide such information to the

      probation officer as requested.
- (**X**) Defendant shall maintain separate personal and business finances and shall not comingle personal and business funds or income in any financial accounts, including but not limited to bank accounts and lines of credit.
- (**X**) Defendant shall comply with all legal obligations associated with the Colorado Department of Revenue and the Internal Revenue Service regarding federal and state income taxes. This includes resolution of any tax arrearages as well as continued compliance with federal and state laws regarding the filing of taxes.
- (**X**) Pursuant to 18 U.S.C. § 3563(b)(2), it is ordered that the defendant make restitution to the victims as listed in the Presentence Report in the amount specific to that victim.

**ORDERED:** Defendant shall pay **$100** to **Crime Victim Fund** (Special Assessment), to be paid immediately.

**ORDERED:** **No fine** is imposed, because the defendant has no ability to pay a fine.

**ORDERED:** Defendant shall make **restitution** in the total amount as set forth in the Presentence Investigation Report.

**ORDERED:** **Payment of interest on restitution is waived,** because the defendant has no ability to pay the interest.

**ORDERED:** Pursuant to the Plea Agreement, Defendant shall forfeit **$230,831.14.**

The Court finds, pursuant to 18 U.S.C. § 3663A(c)(3)(B), that determining complex issues of fact related to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process.

Defendant advised of right to appeal.

**ORDERED:** Any notice of appeal must be filed within 14 days.

**ORDERED:** Bond is continued.

**ORDERED:** Defendant shall voluntarily surrender and report to the institution designated by the Bureau of Prisons within 15 days from the date of designation.   Travel to the designated institution will be at the defendant's expense.

**ORDERED:** Government's Motion to Dismiss Counts with Prejudice is GRANTED.

**Court in recess:** 4:16 p.m.
Hearing concluded.

Total time: 3:01

Case No. 1:15-cr-00466-RM   Document 45   filed 08/29/16   USDC Colorado   pg 5 of 5