IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 15-cr-00466-RM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

KIMBERLY S. CILENO,

        Defendant.

_____

**UNITED STATES' MOTION TO CORRECT A CLERICAL ERROR IN THE JUDGMENT PURSUANT TO FED. R. CRIM. P. 36**
_____

COMES NOW the United States of America ("United States"), by and through Assistant United States Attorney Laura B. Hurd, pursuant to Rule 36 of the Federal Rules of Criminal Procedure, and herein moves this Court to correct a clerical error in the judgment pursuant to Fed. R. Crim. P. 36. In support, the United States sets forth the following:

**I.**     **Statement of Facts**

    1.     On December 1, 2015 the Grand Jury charged defendant Kimberly S. Cileno by Indictment with Health Care Fraud in violation of 18 U.S.C. § 1347 and Theft and Embezzlement in violation of 18 U.S.C. § 669. (Doc. 1).

    2.     On June 7, 2016, the United States and defendant Kimberly S. Cileno entered into a Plea Agreement. In the Plea Agreement, the defendant agreed, *inter alia*, to plead guilty to Count Three of the Indictment, Health Care Fraud in violation of 18 U.S.C. § 1347. (Doc. 25).

3.  On August 29, 2016, the Court sentenced defendant Cileno and imposed a forfeiture money judgment in the amount of $230,831.14, reflecting the gross proceeds obtained by the defendant.  *See* Courtroom Minutes for Sentencing (Doc. 46).

4.  On September 2, 2016, Judgment was entered reflecting that defendant Cileno owed a forfeiture money judgment in the amount of $221,121.45.

**II.   Legal Argument**

5.  At any time, the court can correct a clerical error in the judgment pursuant to Federal Rule of Criminal Procedure 36.  Importantly, the oral pronouncement of sentencing controls over the written judgment.  *See United States v. Barwig*, 568 F.3d 852, 855 (10th Cir. 2009).  Therefore, Rule 36 is the correct mechanism for the court to "amend[ ] [the] written judgment to bring it into conformity with an orally pronounced sentence."  *United States v. Kieffer*, 596 F. App'x 653, 660 (10th Cir. 2014) (unpublished).

6.  Here, the Court imposed a forfeiture money judgment in the amount of $230,831.14 at sentencing.  However, the judgment set forth a forfeiture money judgment in the amount of $221,121.45. Therefore, because the oral sentence controls, the judgment should be corrected to reflect the forfeiture money judgment in the amount of $230,831.14.

WHEREFORE, the United States moves to correct the written judgment to reflect the forfeiture money judgment pronounced at sentencing in the amount of $230,831.14, pursuant to Fed. R. Crim. P. 36.

DATED this 3rd day of November 2016.

    Respectfully submitted,

    ROBERT C. TROYER
    Acting United States Attorney


    By: s/ *Laura B. Hurd*
    Laura B. Hurd
    Assistant United States Attorney
    1225 Seventeenth Street, Ste. 700
    Denver, Colorado 80202
    Telephone: (303) 454-0100
    Fax: (303) 454-0402
    E-mail: laura.hurd@usdoj.gov
    *Attorney for the United States*